UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTEM BERESNEV SERGEEVICH, <br><br>  Plaintiff, <br><br> v. <br><br> NEKRASOV ROTISLAV DENISOVICH, <br><br>  Defendant. | CASE NO. C24-00100-KKE <br><br> ORDER TO SHOW CAUSE |

Plaintiff Artem Beresnev Sergeevich, proceeding *in forma pauperis*, filed the complaint in this matter on January 25, 2024.  Plaintiff holds a registered United States copyright in "DayZone Content" that he alleges was downloaded by Defendant Nekrasov Rostislav Denisovich, who re-uploaded it without permission to Valve Software's "Steam Workshop" in August 2023.  Dkt. No. 6 at 5.  Plaintiff also alleges that Valve Software "took the stolen and uploaded content down" in response to his Digital Millenium Copyright Act notice, but that Defendant subsequently filed a counter-notice.  *Id*.  Plaintiff requests that the Court order Defendant and/or Valve Software not to "reinstate any re-uploaded, stolen or unauthorized use of my digital content on their 'Steam Workshop.'"  *Id*.  The complaint states that the basis for federal jurisdiction is a federal question arising under "Clause 8 Intellectual Property."  *Id*. at 3.

The complaint lists street addresses in Russia for both Plaintiff and Defendant.  Dkt. No. 6 at 1–2.  Federal Rule of Civil Procedure 4(k)(2) permits the exercise of personal jurisdiction over

ORDER TO SHOW CAUSE - 1

a nonresident defendant if the claim against the defendant arises under federal law, the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction, and the federal court's exercise of personal jurisdiction comports with due process. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207–08 (9th Cir. 2020). In order to determine whether an exercise of personal jurisdiction over a nonresident defendant comports with due process, a court considers whether the defendant has "minimum contacts" with the forum to justify the court's exercise of specific jurisdiction. *Id*. at 1208.

Plaintiff's complaint does not contain factual allegations that permit the Court to determine whether Defendant has minimum contacts with the United States, and the Court must be satisfied of its jurisdiction before this case can proceed. Therefore, the Court ORDERS Plaintiff to file a statement no later than October 31, 2024, explaining why Defendant is subject to specific jurisdiction in the United States. If the Court receives no information from Plaintiff, or receives information that does not support the Court's exercise of jurisdiction over Defendant, the Court will dismiss this action without prejudice.

Dated this 23rd day of September, 2024.

Kymberly K. Evanson
United States District Judge

ORDER TO SHOW CAUSE - 2